Turley, J.
delivered the opinion of the court.
The principal questions presented for the consideration of the court in this case, are questions of practice, arising upon the construction of the statutes of the 18th of October, 1833, chap. 36, and the 26th of January, 1838, chap. 3, made to regulate and simplify the distribution of the estates of persons dying insolvent.
The correct exposition and administration of these statutes are matters of very serious importance to the creditors heirs and distributees of insolvent estates in Tennessee, and we have deemed it proper, in the consideration of this case to give a construction of these statutes and define the practice under them.
*347 The mode of administering the estates of deceased persons, as prescribed by ■ the common law, has always been felt to be productive ol much inequality, and consequent injustice, where the assets are not sufficient for the payment of all the creditors. The astute and voracious creditors, generally exhaust the whole of the estate to the exclusion of the. more dilatory and benign, and frequently involve innocent and ignorant representatives in personal liability, by reason of false pleadings and other errors in conducting defences, and by false payments, not having- a due regard to the dignity of debts.
At an early period, courts of Chancery, in view of these difficulties, established different rules from those of common law, in the administration of the assets of insolvent estates, which were to be administered in Chancery, distributing them pro rata among all the creditors, and recognizing no one debt, as superior in dignity to another, because of any supposed dignity attached to the evidence thereof. But inasmuch as it was but seldom that Chancery Courts could get jurisdiction of such estates, the large mass of them were necessarily to be administered upon common law principles, and to remedy the evils resulting from such administration, these statutes, now about to be considered, were enacted.
In their construction, both as to principle and practice, the evils intended to be remedied, should be borne in mind, and such construction given, not being in violation of their fair import and meaning, as- will best effect the end designed, and at the least possible expense and delay, and with as little complication as. the nature of the case will admit, a due regard being had to a fair and legal ascertainment of the justice of the claims presented by the creditors against the estate, the proper protection of *348 the rights of creditors', and the proper distribution of the effects among them.
The act of 1833, chap. 36, has operation solely upon the administration of insolvent estates in the County Courts; but inasmuch as under its provisions, all estates of a less value than five hundred dollars, which are insolvent, are administered, and inasmuch as the act of J 838, chap. 3, has to be construed in pari materia with it, we have deemed it proper to enter into its construction preparatory thereto.
The first section of the act of 1833, provides, that when the estate of any deceased person shall be insolvent, or shall be suggested to be so, by any creditor thereof, in a written statement, signed by him, it shall be the duty of the proper authority to make an order upon the administrator or executor of such estate, to give notice, by advertisement, in some newspaper, published in this State, and also at the courthouse door in the county, for all persons having claims against the estate to appear and file them by a day to be fixed in such notice, which claims when filed, shall be authenticated in manner prescribed by law.
. Under the provisions of this section the administrator or executor or creditor of an insolvent estate, may suggest its insolvency to the proper authority, which is afterwards defined to be the clerks, or their legally appointed deputies, of the county courts. This suggestion if made by a creditor must be in writing, signed by him. Upon such suggestion of insolvency an order is directed to be made upon the administrator or executor of such estate to publish a notice of such insolvency or suggestion thereof in some newspaper, published in the State, and also to post such notice at the courthouse door of the county, *349 and by which notice, a day must be fixed for the filing of claims against the estate; which claims, when filed shall be authenticated as prescribed by law; that is, it shall be proved by competent and legal testimony.
The second section provides, that on the claims being filed, as provided for by the first section of the act, it shall be the duty of the authority with whom they are .filed to make an order on the administrator or executor of said estate to file, by a given day to be specified in the order, a true and perfect schedule of the amount of said estate with said authority, and on such schedule being filed, it shall be the duty of the authority aforesaid to appoint three disinterested persons to make distribution among the creditors of the estate pro rata, which distribution, when made, shall be signed by the commissioners and filed, and be conclusive evidence as to the amount due each creditor in satisfaction of his claim.
The fourth section provides that it shall be the duty of the commissioners, for the appointment of whom provision is made in the second section, to deduct from the whole estate any fees due in the administration thereof, funeral expenses, debt, or arrearages due to the State, and such articles as are by law exempt from execution, if such belong to the estate, and make distribution pro rata of the balance.
The sixth section provides, that the authority herein appointed, shall have full power to administer to the commissioners an oath, honestly and impartially to execute the duties assigned to them.
The fifth section provides that all proceedings to be had under the provisions of this act, shall be had before the clerks of the county courts or their legally appointed deputies, who shall be deemed and are hereby appointed *350 the authorities before whom the proceedings shall be had.
Under the provisions of these sections of the statute, viz, — the second, fourth, fifth, and sixth, the clerks of the County Courts, or their legally appointed deputies, are the constituted authorities, before whom claims against such estate must be filed, who must make the order upon the executor or administrator, to file before them by a specified day, a schedule of the effects of the estate, who must appoint and qualify the three commissioners to. distribute the estate among the creditors. This distribution is to be made pro rata, after deducting therefrom any amount that may be due for the expenses of the administration for funeral expenses, or for debts, or arrearages due to the State; thus giving preference over other creditors, to debts due the State, and to funeral and administration expenses. This distribution must be reduced to writing, signed by the commissioners and filed by the clerk, and when so done, it remains conclusive evidence of the amount due each creditor.
The sixth section also provides, that no action brought, judgment, bills single, or note of hand, shall have precedence over unliquidated accounts, but that all such shall be acted upon, as being of equal dignity, except in cases of lien created before the death. This speaks for itself. It destroys that principle of the common law, which provided for the payment of debts according to their dignity, and puts all debts" due upon an equal footing, no matter how evidenced. The tenth section provides, that the executor or administrator may contest the validity of any claim presented, and urge any defence against the same, available in law or equity, and should judgment be had by the claimant, it shall be paid in the same proportion as other claims; and any claims not filed on or before *351 the time fixed, or before the appropriation of the funds of the estate is made, shall be forever barred both in law and equity.
The provisions of this section are exceedingly vague and uncertain, in not prescribing before whom this contest is to be conducted, the manner in which it is to be conducted and how an erroneous judgment thereon is to be corrected. The power to contest the validity of a claim presented, is secured to the executor or administrator, but no mode of doing so is provided.
This evil is to a certain extent remedied by the act of 1841, ch. 24, which provides that so much of the act of 1833 as requires the clerks of the County Courts, to appoint commissioners to make the distribution pro rata among the creditors of an insolvent estate, be repealed. And. that in all eases thereafter, in which a pro rata division is required by the statute to be made, it shall be the duty of the clerks to take and state an account, in which they shall show the amount of each creditor’s claim that is allowed, and the amount to be paid by the administrator or executor in satisfaction of said claims. And it is furthermore made the duty of said clerks, to report all accounts so taken by them to the County Courts of their counties, for confirmation or rejection, at which time any person interested may make such objections? and take such exceptions thereto, as they may think proper, and if said reports shall be confirmed, they shall be recorded; if not, they shall be referred back to the clerk, with instructions from the court to make such alterations as to the court shall seem just, and in all cases where a report shall be confirmed, any person interested in the decision shall have the right to .appeal therefrom to the Circuit Court.
Under the provisions of this statute, in connection with *352 that of 1833, which it amends, in case of a contest between the executor or administrator and a creditor, as to the validity of the creditor’s claim, filed before the clerk, he is to hear and take proof for or against the claim, which proof must be of a such a character as would be receivable in law or equity, in support or resistance of the same, and determine judicially between the parties. If the claim be allowed or rejected by the clerk, upon the presentation of the report to the County Court, the executor or administrator may object or except thereto, or the creditor, as the case' may be; when the controversy shall be heard and determined by the court; from whose judgment an appeal is given to the Circuit Court; which appeal, however, does not touch or affect anything else in the case, but the same as to all other matters is proceeded in, as if no such appeal had been allowed. By the tenth section any claim not filed before a final appropriation of the estate amongst the creditors, is barred both in law and equity.
The third section of the act, provides that if the schedule of the estate filed by the executor or administrator, contain any real estate, the same may be sold by an order of the Circuit Court of the county in which administration is granted, upon the petition of the executor or administrator, and the proceeds distributed among the creditors of the estate in the same manner as is provided for the distribution of personalty, pro rata.
To sum up the provisions of this statute, in relation to the administration of the insolvent estates of deceased persons, in the County Courts—
1. If the estate of a deceased person be insolvent, it is the duty of the executor or administrator thereof to suggest the fact to the clerk of the County Court of the county.
2. If such executor or administrator, neglect so to do, *353 any creditor of the estate may make such suggestion, provided he do so in writing, signed with his name.
3. Upon such suggestion being made, an order is granted upon the administrator or executor to give notice in a newspaper of the State and at the court-house door of the county, for all creditors to come forward, by a day specified in the notice, and file their claims against the estate with the clerk of the court.
4. When claims are filed with the clerk, it' becomes his duty to make an order on the administrator or executor requiring him by a day given to file with him a true and perfect schedule of the amount of the said estate.
5. The administrator or ^ executor may contest before the clerk the validity of any claim presented against the same, by any defence available in law or equity: which contest the clerk shall hear judicially and determine upon legal proof, and to which determination the party agrieved, may except before the County Court, when the clerk presents his report for confirmation, and if not satisfied with the decision of the- court, may appeal to the Circuit Court.
6. All claims filed and not contested, must be proved nevertheless, in the manner prescribed by law — the failure of the executor or administrator to contest the claim under the provisions of the tenth section of the statute, being no admission of the truth or justness of the claim, which is required to be authenticated by the first section of the statute.
7. In the distribution of the assets of the estate, administrator’s expenses, funeral expenses, and debts due to the State, shall be preferred to all other debts.
8. The balance of the assets, with the exception of such articles as are by law exempt from execution, shall be distributed pro rata among all the other creditors, without regard to the common law dignity of these debts.
*354 9. The clerk, under the provisions of the act of 1841, ch. 24, shall, for the purpose of making said pro rata distribution, take and state an account, in which they shall show the amount of each creditor’s claim that is allowed, and the amount to be paid by the administrator or executor in satisfaction of said claims, which he shall report for confirmation to the County Court; at which time any person interested may object thereto; and, if his objection be overruled, and the report confirmed, he may appeal to the Circuit Court; but, if there be no objection the report shall be confirmed, and become conclusive evidence of the amount due each creditor. If the report be not confirmed, it shall be referred back to the clerk, with instructions to make such alterations as to the court may seem proper.
10. All claims not filed before a final appropriation of the funds of the estate is made, are forever barred both in law and equity.
Such are the provisions of the act of 1833, and the amendatory act of 1841, in relation to the mode of administering and distributing among the creditors, the effects of insolvent estates in the County Courts.
It will, at once, be seen how imperfect this scheme is, when sought to be applied to complicated estates, especially in the mode of ascertaining the truth of the alleged claims of indebtedness, on the part of creditors, and in furnishing sufficient security for non-resident debtors, and those whose claims were not due before the final settlement of the estate.
For the purpose of amending these and other defects, the act of the 26th January, 1838, was passed. This act is not drawn with clearness and precision, and' it is not - without difficulty in so shaping its provisions as to effectuate the objects designed by it.
*355 The statute begins by providing in ' its first section that the effects of insolvent estates, shall be distributed among the creditors and others interested, according to the provisions of the act of 1833. That is to say, that no rules of division in such cases, is intended different from that prescribed by the act of 1833, which, after payment of the expenses of the administration, funeral expenses, and debts due to the State, distributed the balance of the estate among the creditors pro rata, saving articles by law exempt from execution. • The second section gives power and makes it lawful for the executor of administrator of such estate, or any creditor thereof, to file his bill in the Chancery Court of the district, wherein the will is proven, or letters of administration granted, or where the personal representative shall reside, or be served with process, in which he shall set forth that the assets of the estate in his hands are insufficient to pay the debts, to the best of his knowledge and belief. And also such debts as he knows or believes are due and owing from the deceased, and that the estate, real and personal, exceeds the value of five hundred dollars. And thereupon the Judge or Chancellor may enjoin all proceedings in the County Court, under the act of 1833, and may also enjoin the commencing or prosecuting all suits at law against the estate, except such as the Chancellor in his discretion shall direct to be tried at law; and all other suits in equity, except such as the Chancellor shall direct to be tried ’separately. And each of the creditors and others interested in the estate shall be authorized to have themselves made parties to the proceeding in equity, and to have an account taken thereof, and a decree for whatever he may be entitled to receive. The court shall also direct an account to be taken of the personal estate *356 and assets of the testator, or intestate, and that a distribution thereof be made among the creditors, and such bill may be filed at any time, after the estate is or shall be reported insolvent to the County Court, under the provisions of the act of 1833; and upon such bill being filed and sustained, the administration of the estate shall be transferred from the county to the chancéry court.
The eighth section of the statute provides that, to avoid the accumulation of expenses, and at the same time to give notice, as far as practicable, to all persons interested, it shall be the duty of the clerk or person filing the bill to make out an abstract thereof, which shall accompany the subpoena, and be made known to the defendants named in the bill, or such persons as by the fiat of the judge are required to be served with process; and publication shall also be made by order of the court, or judge, or clerk and master in vacation, for all other persons to come forward, make themselves parties, and exhibit their claims, which shall be equivalent to a service of process upon all authorized to become parties; and when any person, who shall 'be known to be a* creditor, and whose debt shall exceed one hundred dollars, shall be a nonresident, a copy of the abstract may be forwarded by the clerk to his residence by mail, which shall in like manner be equivalent to a service of process.
The ninth section of the statute provides that, where a creditor files the bill, it shall be on behalf of himself and all other creditors or persons interested in the estate, who may wish to come in under the decree. And when the executor or administrator shall file the bill, it may be on his own behalf, as well as the widow, heirs, and legatees, or distributees of the estate, against such of the creditors as are named therein, and all others interested *357 and not named, and such suit shall be conducted as a creditor’s bill is now conducted against trustees, according to the rules and principles governing courts of chancery.
The tenth section provides, that the widow, heirs, devisees, distributees, and legatees of the deceased are also authorized to become parties to said proceeding, and to have such decrees rendered in their favor as are just and equitable after paying the debts and charges upon the estate to those that are entitled to priority over them.
The sixteenth section provides, that where any person shall hereafter present their claim to the clerk, notice ■of such claim shall be given to the executor or administrator, and if such claim is not admitted by the executor or administrator to be just, the claimant shall substantiate the same by legal proof, which shall be reduced to writing and filed away by the clerk.
The fourth section provides, that any creditor whose debt is not due, and who wishes to become a party to said proceedings, shall be authorized to do so, and to come in for his pro rata distribution, but subject to a discount on his demand, and at the rate of six per cent, per annum until due.
The sixth section provides, that any creditor, to save the operation of the statute of limitations against him, may present his claim to the clerk and master, after the bill shall have been filed, as well in vacation as in term time, and that the clerk shall give him a receipt for his claim, which presentation and application to the clerk, if done within the time prescribed by law, shall prevent the operation of the statute of limitations.
These sections make provision for the jurisdiction of the court of chancery, the filing of the bill, the making of parties complainant and . defendant, the • presentation *358 and establishment of the claims of the creditors against the estate ; the particulars of which may be enumerated as follows:
1st. A court of chancery has jurisdiction to administer all insolvent estates of deceased persons, where the amount of the estate exceeds five hundred dollars.
2d. That the executor or administrator of such estate or any creditor thereof, may file' a bill in the chancery court of the district, where the will is proved, or letters of administration granted, or where the personal representative shall reside, for that purpose.
3d. That when the bill is filed by the administrator or executor, he may unite with him as complainants, the widow, heirs, and legatees, or distributees of the estate, and that it may be filed against such creditors as may be named therein, and all others interested and not named.
4th. That where the bill is filed by a creditor, it shall be in behalf of himself and .all others, creditors and persons interested in the estate, who may wish to come in under the decree.
5th. That such suit or proceeding shall be conducted upon equitable principles, as a creditor’s bill against trustees.
6th. That any creditor, who is named as such in the bill, either as complainant or defendant, is a party without further act on his part; and, if defendant, he is entitled to service of subpoena, and have made known to him the abstract of the bill, which is required by the eighth section of the act to accompany the subpoena.
7th. If he is not a party, but authorized by the nature of his interest, as creditor or otherwise, to become so, he must,‘upon well settled principles of chancery practice *359 on creditors’ bills, and others of a like character, make himself so by petition, in which he shall set forth with sufficient certainty, the nature and extent of his interest, which shall await the judgment of the court, according to chancery practice.
8th. If the creditor or other person in interest be made a party by the bill, and served with process, unless his debt or interest shall be specifically admitted by the personal representative of the estate, he must answer the bill and exhibit his claim with sufficient certainty as to its nature and extent, and which shall await the judgment of the court according to chancery practice.
9th. The principles of the two last propositions are applicable to the cases of creditors, whose debts are not due, as well as those whose debts are due.
10th. That a creditor, whose claim is in danger of being barred by the statute of limitations may file it with the Clerk and Master in vacation, and take his receipt therefor, which shall stop the running of the statute.
11th. That, in all cases where any persons shall present their claims to the clerk, notice thereof shall be given to the executor or administrator, and if such claim be not admitted by him to be just, the same shall be substantiated by legal proof, which shall be reduced to writing, and filed away by the clerk. This principle is applicable in the county court.
12th. That, in all cases where the claims of thosé interested as creditors or otherwise of the estate, are exhibited by answer or petition, notice thereof must be given to the executor or administrator, so that he may be prepared to contest their validity; and, if they are not admitted, they must be proven before the Master, as other matters of account in chancery. When there is real *360 estate belonging to such insolvent testator, or intestate by the third section of the act, the devisees, heirs, or other persons, (which includes the widow,) interested therein, shall be made parties, and when the personal estate is ascertained, by the report of 'the Clerk and Master, and the confirmation thereof by the court, to be insufficient for the payment of the debts of the estate, the court shall direct that the real estate, or so much thereof as is necessary, be sold for the payment of the debts, reserving to the widow her dower, whether judgment shall be had previous or since the death of the husband.
The jurisdiction of the court being fixed, and the bill properly filed, the Chancellor has power, under the second section of the statute, to enjoin the commencement or prosecution all suits at law against the estate, except such as he in his discretion shall direct to be tried at law, and a.ll other suits in equity, except such as he shall direct to be tried separately.
And by the fifth section, if any suits at law. shall have been brought before the proceedings at law are enjoined, the Chancellor may direct them to be dismissed upon such terms as shall be just and equitable; or to have judgments entered, to be paid out of the assets or effects of the deceased, when they shall accrue or come to the hands of the personal representative to be administered ; but the additional cost of taking such judgment shall not be paid out of the estate, unless the Chancellor shall so direct, and in no case, where an estate shall be ascertained to be insolvent, shall any executor or administrator be rendered personally responsible, by reason of any false plea by him pleaded.
By the twelfth section of the statute, it is provided that' it shall not be necessary for all the parties to be before *361 the court, when an order or decree is about to be made therein; provided that such parties are before the court or a sufficient number of them, to enable the court to do complete justice, in the order that is to be made, or decree that is to be rendered.
By the sixth section, it is provided that all creditors who shall fail to bring suit for their demands, or to come' in under the proceedings ’ to be had under, this statute, and present their claims within the time prescribed by law, shall be forever barred _and prohibited from becoming parties to such proceedings, and that creditors,- whose debts are not due, shall be under the same obligation to present their claims as those whose debts are due, and upon failure to do so shall be barred in like manner, where the estate is represented to be- insolvent as herein provided for.
By this section, the statute of limitations of two years, as to demands from such insolvent estate due in the State, and three years as to those out of the State, are made applicable to proceedings in chancery under the statute, and are extended in their operation to debts not due, as well as to those that are due, and this with a view of bringing to an end, in a reasonable time, the matters in controversy between the different parties litigating.
By the second section, after the lapse of two years from the time letters testamentary, or letters of administration shall have been granted, and after the estate shall have been settled up, if there should be a surplus after paying the debts, the court shall direct distribution thereof among those entitled, taking refunding bonds with security to refund the amount distributed, if it shall be necessary for the payment of debts.
There is some obscurity in the wording of this section, *362 resulting from the use of the words, “after the estate shall have been settled up.” If we are to consider these words in 'their strict meaning, it would seem that there could be no use, in taking refunding bonds, inasmuch as there could be no subsequent debts after the estate had been fully settled up. But the meaning is this; debts out of the State may be proven in three years ; by the general law in relation to-the administration of estates, distribution is directed to be made after the lapse of two years, and to provide for debts out of the State, which may be proved after that period, refunding bonds are directed to be taken. It was designed by the framers of this statute, that this principle of the general law of administration should be extended to cases under the statute, and, as they had provided that the ordinary statutes of limitations should apply in such cases, and had extended them to debts not due as well as to debts due, it was obvious that there might be debts out of the State, which under the law might be proved within a year after the period fixed for distribution, and, therefore, the bonds for refunding might be needed for the protection of such creditors. The words, “ after the estate shall have been settled up,” therefore mean such settlement as might, at that period, be legally made, and which would embrace the debts due in the State.
Finally, the eleventh section gives an appeal to the Supreme Court from the decree of the Chancellor, in such cases, to any party interested or affected by it.
We do not suppose that we have settled, in this opinion, every question of practice which may arise under these statutes, but only those of most manifest importance in their administration, leaving others of more secret application for future cases, which may bring them up for consideration.
*363 In testing the case under consideration, by the principles of the statute as expounded in this opinion, it will be very obvious wherein the proceedings of the Chancery Court are erroneous. It will be seen from an examination of the bill of the administrator, that he has made the President and Directors of the Bank of Tennessee a party to his bill to the end that they may distinctly and fully set forth and discover the amount and origin of their claims, as the administrator (so charges the bill,) knows nothing of them. The other creditors of the estate are made parties by the general phrase, “ all the creditors of the estate.”
Now, the Bank of the State of Tennessee, instead of answering the bill, and distinctly and fully setting forth the amount and origin of its claim, as it was called upon to do, files a paper, which purports upon its face to be a list of the claims of the bank, specifying four several bills of exchange for five thousand dollars each, drawn by Henry Thayer and R. F. L’Homedieu, due at different periods of time. And upon this the Clerk and Master reports this amount of debt due from the estate of R. F. L’Homedieu to the bank, without it appearing that any notice of the filing of these claims had been given to the administrator, or that he had ever an opportunity of contesting them. According to what has been held by us in this opinion, in the construction of the act of 1838, the bank should have answered the bill, exhibiting its claim with sufficient certainty as to its nature and extent. If it had done so, and filed the bills of exchange, prima fade evidence of its claim against the estate would have been made out, and if the administrator chose to contest its validity, the defence was upon him.
Furthermore, we have seen that by the third section *364 of the ,act of 1838, if there be real estate belonging to such insolvent testator or intestate, the devisees, or heirs, or' others interested therein, shall be made parties; and where the personal estate is ascertained by the report of the Clerk and Master, and the confirmation thereof by the court, to be insufficient for the payment of the debts of the estate, the court shall direct that the real estate, or so much thereof as is necessary, be sold for the payment of debts, reserving to the widow her dower.
Now, there is nothing of this done; not only are the devisees, or heirs, or other persons interested in the real estate owned by L’Homedieu at his death, not made parties, but the land is ordered to be sold without any report from the Clerk and Master as to the necessity therefor..
In all this, the proceedings of the court below are erroneous.
As to the claim of John Huff, a creditor of the estate, all that it is now necessary to observe is, that though he has made himself a party to this bill by petition, and has therein set forth the nature and extent of his claim, with sufficient certainty, yet there is no proof of it, and it is not admitted to be just, and due by the administrator; therefore no notice whatever can be taken of it, and the question as to priority of satisfaction, sought to be raised between him and the Bank of Tennessee cannot arise as the case at present stands.
The decree given in this case will be reversed, and the cause remanded to the Chancery Court, to be prepared for a decree under the provisions of the statute of 1833, .chapter - 36.